PHYSICIAN — SERVING ON COUNTY HOSPITAL BOARD OF CONTROL Upon a finding of fact that a physician is a member of the medical staff of a county hospital, but is not directly or indirectly paid by said hospital, but is paid directly by patients, or the patients' insurance companies, for professional services rendered, said physician may simultaneously be appointed to and serve on the Board of Control of the same hospital if the facts reveal that he has no other personal pecuniary interests, either directly or indirectly, in any purchases or contracts for said hospital unless the same were purchased or awarded by competitive bids. The Attorney General has considered your opinion request wherein you ask the following question: "May a physician who is a member of the medical staff of a county hospital, but who is not directly or indirectly paid by said hospital, but is paid directly by patients, or the patients insurance companies, for professional services rendered, simultaneously be appointed to and serve on the Board of Control of the same hospital?" Many aspects of county hospitals are covered in 19 O.S. 781 [19-781], et seq. (1971). Title 19 O.S. 790.1 [19-790.1](a) (1975), provides in pertinent part: "No member of the Board of Control shall have a personal pecuniary interest, either directly or indirectly, in any purchases or contracts for said hospital unless the same are purchased or awarded by competitive bids." This portion of the section was drafted to insulate members of the hospital Board of Control from having any pecuniary interest in a county hospital which they operate with public funds. 19 O.S. 790.1 [19-790.1] (a) also provides that the Board of Control has ultimate authority over all facets of the hospital's operation. 19 O.S. 792 [19-792] provides that the Board of Control appoints the medical staff. There appear to be three classes of physicians practicing in said hospitals. Some staff physicians are employed by the hospital in a master-servant relationship and are directly or indirectly paid by the hospital. Other physicians are not paid directly by the hospital but hold an exclusive contract with the hospital to render a particular service to all patients, such as pathology or other services. If a physician in either class was a member of the hospital Board of Control he would not only have a direct "personal pecuniary interest" in a contract for said hospital, his own contract for employment, but would also be in a position to annually reappoint himself to his position. Such a situation would come under the provisions of 19 O.S. 790.1 [19-790.1](a). However, your question deals with a third class of physicians who are not directly or indirectly paid by any hospital. They are merely members of the hospital medical staff and, therefore, are authorized to conduct private medical practice on patients in the hospital. Their sole remuneration for professional services rendered is derived directly from patients or the patients' insurance company. This medical practice generally does not constitute a direct or indirect interest in any purchases or contracts for said hospital. It is a question of fact to be determined in each case whether a physician's practice and circumstances constitute a direct or indirect pecuniary interest in any purchase or contract for said hospital. In appointing members of the Board of Control, the County Commissioners must be diligent in reviewing all pertinent facts to ensure compliance with Section 790.1(a). It is, therefore, the opinion of the Attorney General that your question be answered as follows. Upon a finding of fact that a physician is a member of the medical staff of a county hospital, but is not directly or indirectly paid by said hospital, but is paid directly by patients, or the patients' insurance companies, for professional services rendered, said physician may simultaneously be appointed to and serve on the Board of Control of the same hospital if the facts reveal that he has no other personal pecuniary interests, either directly or indirectly, in any purchases or contracts for said hospital unless the same were purchased or awarded by competitive bids. (DANIEL J. GAMINO) (ksg)